# The Rochester and Oleopolis Oil Company *versus* Hughey.

1. Hughey purchased of a company four barges of oil at a rate per barrel; the barges were furnished by Hughey and were partially filled, when the barges and oil were burned. *Held,* there was no delivery of any oil.

2. The property of the oil in a partially laden barge in progress of being filled does not pass as fast as the oil enters the barge.

November 14th 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Allegheny county :* No. 92, to October and November Term 1867.

In the court below the Rochester and Oleopolis Oil Company brought an action of assumpsit to September 1866, against J. M. Hughey, to recover the price of a quantity of oil alleged to have been sold and delivered by the plaintiffs to the defendant.

The oil having been burned, the question was whether the delivery was complete before the burning.

The plaintiffs gave evidence, by the deposition of A. L. Burnett, their agent, that he sold to Owsten, the agent of the defendant, four barge-loads of oil, about 2200 barrels, at $4.50 per barrel, deliverable at Oleopolis, to be measured in the iron tanks of the Pennsylvania Tube Company.

The tube company receives the oil at the oil regions in their tubes; it is transported through the tubes and received into the tanks of the company at the several shipping points on the Allegheny river. The oil of the respective owners is not kept separate, but is measured when received by the tube company, and is delivered to the order of the owner by measurement at the tanks.

The evidence of plaintiffs further was, that 495 gallons had been run on the afternoon of June 19th 1866, into a barge furnished by Owsten; another barge was placed under the tanks, and about 450 barrels had passed into it, when the oil took fire, and both barges and the oil were burned.

The plaintiffs then offered to prove that by the custom of the trade at Oleopolis the barges to receive the oil were, during the delivery, in the custody and control of the purchaser. This was objected to by the defendant, rejected by the court, and a bill of exceptions sealed.

Owsten, the defendant's agent, testified for him, that he made the contract for four boat-loads of oil, about 2000 barrels; he sent two boats to receive it; he received word that his boat was drawing 25 inches of water, and the river was falling; he went to Oleopolis, and found the river rising, and that another boat was loading outside of his; he told the agent of the company

that he would load his boat five inches more, and therefore did not move her from the wharf.   After the boat that had been loading near his was filled and moved away, he placed an empty boat by his first boat, and the tube company's hands let the oil into the second boat; before this boat was full, drawing but about 17 inches, it took fire, and both boats with oil were burned.   He testified, also: "the boats were not in a condition to run to Pittsburg; he intended to put more in them, to fill them to 30 inches of water."

In rebuttal, the plaintiff proposed to ask the superintendent of the tube company, " whether, at any time whilst you were superintending, or since, within your knowledge, the tubing company, or the owners of oil in the tanks, kept persons at the works for the purpose of taking charge of the boats whilst the oil was being delivered."

The offer was rejected by the court, and a bill of exceptions sealed for the plaintiff.

The plaintiff requested the court to charge the jury:—

1. That if the oil sold by plaintiff to Hughey was to be measured in the tanks of the Pennsylvania Tubing Transportation Company, and delivered in barges furnished by Hughey, and the barges were, during the course of delivery, in possession and control of Hughey, or his agents, the oil was delivered as soon as it entered the barges, so far as to change the property as between seller and buyer, and the plaintiff would be entitled to recover the value of the oil so delivered in the barges.

2. That if the jury find that the barges were, during the time of delivery of the oil, in the custody of the plaintiff, nevertheless, as soon as any portion of the oil was separated from the common bulk, by measurement from the tanks, it became the property of the defendant, and was at his risk, and the plaintiffs would be responsible only for loss occasioned by their negligence.

3. If the jury find that it was the duty of the Pennsylvania Tubing Transportation Company to take charge of and control the barges while the oil was in course of delivery, that the company would be the common agent of plaintiff and defendant, and any portion of the oil, as soon as separated from the common bulk, would be the property of the defendant, and at his risk, and the plaintiff would be entitled to recover for the value of the oil so delivered.

The points were all refused.

The defendant, in his 2d point, requested the court to charge that under the contract the defendant was not bound to accept a delivery of oil from the plaintiff in any less quantity than that of *one full boat*, the question of whether the boat was full or not to be decided by the defendant or his agent, Mr. Owsten, only.

To which the court answered: " Affirmed if you believe the contract to be for the sale of oil by the boat-loads."

The court (Stowe, A. J.) charged:—

" The first point is as to what the contract was:

" If it was to be delivered in boat-loads, and the purchaser had the right to say when the boat was loaded, and you should find that this boat was not accepted by defendant's agent, and that he was not bound to accept it because it was not a boat-load, that is, not filled so that he was bound to take it from the vendor, then there was no delivery in law, and plaintiff cannot recover.

" If you should find, however, that the first boat was reasonably loaded, so that purchaser was bound to accept, or that the boat was actually taken into his charge so as to waive the right to have more oil put into it, then plaintiff can recover for that.

" As to the oil running into the boats at the time, there was no delivery of that in law, because if the contract was for delivery in boat-loads, about 2000 gallons as stated by the witnesses on both sides, the boat was not filled so that plaintiff was bound to take it from the vendor.

" As to this latter it is clear under all the evidence that if the plaintiff had shut off the oil and requested defendant to pay for what was in the boat, he could not have compelled defendant to receive it, nor to pay for it.

" In reference to the first boat, was there anything further to be done before the plaintiff had a right to require the defendant to take and pay for it ?

" That depends upon whether the barge was sufficiently full, or not being full, whether Owsten, defendant's agent, had already taken possession of it, under such circumstances as to indicate he was satisfied to take it as it was.

" As to the latter the plaintiff cannot recover in this action, because it is not pretended that the boat was in a condition to deliver."

The verdict was for the defendant.

The plaintiffs took a writ of error, and assigned for error the rejection of their offers of evidence ; the answers of the court to their points, and to the defendants' 2d point, and that " the court erred in the whole charge and in each part thereof, and especially in the assumption that the plaintiff was not entitled to recover unless the boats were so loaded that the defendants were bound to accept them."

*J. F. Slagle*, for plaintiffs in error, cited Snyder *v.* Wertz, 5 Wh. 163 ; Gilpin *v.* Howell, 5 Barr 41 ; Penna. Railroad *v.* Zebe, 9 Casey 318 ; Straw *v.* Levy, 17 S. & R. 101 ; Hilliard on Sales 86 ; Story on Sales, § 299, note 3, 300, 389 ; Winslow *v.* Leonard, 12 Harris 17.

[Rochester Oil Co. v. Hughey.]

*S. A. Purviance* and *T. M. Marshall*, for defendant in error, cited Rugg v. Minett, 11 East 210 ; Story on Sales, § 299 ; Penna. Railroad v. Zebe, 9 Casey 318.

The opinion of the court was delivered, January 7th 1868, by

THOMPSON, C. J.—The question was submitted to the jury on the trial below, and they found that the contract between the plaintiff and defendant was for the sale and delivery of four barge-loads of oil, and not a sale of oil by the barrel. Of course until delivery no specific oil passed to the defendant. Until this took place, he had only a right of action to recover for a breach of contract.

It is unnecessary to say whether the defendant was bound to take, and pay for the number of barrels in each completely laden barge ; if there be a question about that, it is not here—but whether the contents of partially laden barges in progress of being filled passed as fast as it entered the barge. The court thought not, and so decidedly think we. The defendant could not be compelled to take a partly filled barge when he had contracted for full ones, any more than if he had contracted for a barrel of oil could he have been compelled to accept one half or quarter full. This would hardly be contended for, yet the principle is the same : Winslow, Lanier & Co. v. Leonard, 12 Harris 14 ; Story on Sales, §§ 296, 299. Under the finding of the jury there is little room for argument against the ruling complained of. Nor do we see any error in rejecting the offers of testimony. Not one of the assignments of error was according to rule and we might have dismissed them all without notice, but did not, hoping for more accuracy in the future.

Judgment affirmed.