## H & B Chevrolet-Cadillac, Inc. v. Boutell Driveaway, Inc.

*William J. Ivill,* for plaintiff.
*Theodore E. Breault,* for defendant.

BROWN, *J.,* December 12, 1974—This matter is before the court on exceptions filed by defendant, F. J. Boutell Driveaway Company, Inc. (hereinafter "Boutell") to a nonjury verdict in favor of plaintiff, H & B Chevrolet-Cadillac, Inc. (hereinafter "H & B") in the sum of $5,886.54.

Defendant, Boutell, is in the business of delivering automobiles to retail automobile dealers. Plaintiff, H & B, is a retail automobile dealer. On the evening of October 27, 1971, around 9:30 p.m., Samuel Frisch, who was an employe of defendant, Boutell, arrived at H & B to deliver a Cadillac. Mr. Frisch arrived after regular business hours and he found no one present. He testified that he drove the Cadillac onto H & B's car lot and slid the key for the automobile under the door of H & B's showroom. Mr. Frisch left without notifying anyone of the delivery.

Later the same evening, Cliff McCormick, the president of H & B, drove past the car lot and noticed the Cadillac there. Mr. McCormick was on a personal errand at the time.

On the following morning when H & B opened for business the Cadillac was missing from the car lot and the key was not found on the showroom floor. Plaintiff, H & B, brought the instant action to recover the value of the automobile. Defendant,

Boutell, on exception, has raised the narrow question of whether delivery of the automobile was made to H & B.

The actions which constitute tender of delivery are set forth explicitly in the Uniform Commercial Code, Act of April 6, 1953, P. L. 3. sec. 2-503, reenacted October 2, 1959, P. L. 1023, sec. 2, 12A P.S. §2-503 as follows:

"(1) Tender of delivery requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery. The manner, time and place for tender are determined by the agreement and this Article, and in particular

"(a) tender must be at a reasonable hour, and if it is of goods they must be kept available for the period reasonably necessary to enable the buyer to take possession; . . ."

In the instant action, Boutell was not a seller, but rather a carrier. However, the requirements for delivery in this instance are the same as those so clearly set forth above in the Uniform Commercial Code.

Mr. Frisch testified that he did deliver automobiles to other dealers after regular business hours. He had specific delivery instructions, however, from each of those dealers which permitted him to make after hours deliveries, but he did not have any such instructions from H & B. Their agreement was silent in regard to time and manner of delivery. Thus, we must apply the provisions set forth in the Uniform Commercial Code and in the case law.

In Texas Instruments Inc. v. Branch Motor Express Co., 432 F.2d 564 (C.A.,1) (1970), where a

motor carrier also left an automobile at a retail dealer's place of business the court said at 565:

"But the cases requiring a proper tender of delivery . . . define a proper tender as one made at consignee's place of business during normal business hours. Citing Hill v. Humphreys, 5 Watts & S. (Pa.) 123 (1842)."

Upon arriving at H & B's car lot after regular business hours, Mr. Frisch left the automobile without notifying any of the employes of H & B. Therefore, H & B never had the opportunity to take possession of the automobile.

"Delivery does not consist in the mere transfer of location or custody of property. There must be the minds of both parties concurring in the transfer in accordance with the contract the intent of one to deliver and the other to receive.": Rochester & Oleopolis Oil Co. v. Hughey, 56 Pa. 322 (1868).

Even though Cliff McCormick saw the car at H & B, H & B had no notice of delivery. McCormick saw the automobile while he was on a social outing. He had no obligation at that time to place the automobile under the control of H & B. Thus, H & B had no notice of Boutell's attempted delivery. There could be no meeting of the minds of the parties, because H & B had no knowledge of Boutell's attempt to deliver the vehicle.

Mr. Frisch left the automobile at H & B after regular business hours, without an agreement to do so, and without notice to H & B. This unilateral action of Boutell, through its agent Frisch, does not constitute tender of delivery.

## ORDER

And now, December 12, 1974, after oral arguments, submission of briefs and consideration

thereof, it is hereby ordered, adjudged and decreed that the exceptions of defendant are hereby dismissed. Judgment shall be entered upon the verdict upon payment of the verdict fee.